Ex parte, Nye.

answer setting up the limitations not being a bar to the action, the demurrer should have been sustained; and for error in refusing to sustain it, the judgment must be reversed, and the cause sent back for further proceedings in accordance with this opinion. As we do not know what the facts really were on the trial, nor what they may be on another trial, we do not decide anything more than that as pleaded, no one of the four clauses of the answer setting up a limitation was a good defense to the facts set up in the plaintiffs' petition. Judgment reversed, and a new trial awarded.

All the Justices concurring.

## *Ex parte*, J. W. Nye.

1. HABEAS CORPUS—*Limit to inquiry.* The statute expressly declares, (§ 671, ch. 80, Gen. Stat.,) that no court or judge shall inquire into the legality of any judgment or process whereby the party is in custody, or discharge him when the term of commitment has not expired, when the party is in custody upon any process issued on any final judgment of a court of competent jurisdiction.

2. —— *Application for Writ must state Facts.* The statute contemplates a statement of facts in the application for a writ of *habeas corpus*, not mere conclusions of law; and before a court or judge should allow the writ enough should appear in the application for the court to form some judgment on the case.

### *Petition for a Writ of Habeas Corpus.*

PETITION filed in this court on behalf of *J. W. Nye*, for a writ of *habeas corpus.* The petition alleged that *Nye* was illegally restrained of his liberty by E. H. Coates, the sheriff of Lyon county, at the county jail in Emporia; that such restraint was "upon an order of arrest issued against said *Nye* in an action before Felix G. Hunt, a justice of the peace of said Lyon county, after judgment against" said *Nye*, which order was issued upon the affidavit of S. and W., plaintiffs in said action, " charging pretended fraud against said *Nye*;".

that such restraint is illegal, in this: "First, that the aforesaid affidavit and order of arrest were had in a case where the defendant had been arrested before judgment, upon previous affidavit and order of arrest, upon which previous affidavit and order said defendant, by the final judgment rendered in said action, had been adjudged to be liable to imprisonment, defendant at the time of such judgment being at liberty upon his sufficient undertaking to render himself amenable to the process which might be issued upon final judgment in said cause; second, that the affidavit filed before judgment as aforesaid contains no facts to warrant the arrest of the defendant; third, that the affidavit filed after judgment contains no facts to warrant the arrest of said defendant." The petition was made and verified by E. S. W., attorney for and in behalf of *Nye*.

*E. S. Waterbury*, for petitioner. No counsel for the State, and no briefs for either party.

The opinion of the court was delivered by

KINGMAN, C. J.: This is an application for the writ of *habeas corpus*. It must be refused for two reasons, either of which is sufficient.

I. It appears by the petition that the applicant is in custody by virtue of process issued on a final judgment of a court of competent jurisdiction; and this fact precludes an inquiry into the legality of the judgment or process by which he is imprisoned, and would prevent this court from discharging him from custody: § 671, ch. 80, Gen. Stat.

II. The petition avers that the applicant for the writ is in custody by virtue of an order of arrest issued by a justice of the peace. It is alleged that the affidavit on which the decision of the justice was based contains no facts to warrant the arrest of the applicant. No copy of the affidavit is furnished; no statement of its character is made. The statement that it does not contain facts to warrant the arrest is a conclusion of law, and not a statement of facts. Before this court will bring

a man from a distant county enough should appear in the application for the writ for the court to form some judgment on the case; and this the statute contemplates

The writ must be refused.

All the Justices concurring.

---

THE MISSOURI RIVER R. R. CO. v. JOHN F. RICHARDS.

8   101
70   798

. CLERK—SERVICES; *Measure of compensation.* The value of the services of a clerk of a corporation who attends the meeting of the board or directors, waits upon their deliberations, reduces the results of their action to proper form, under the responsibility attaching to his office of clerk, is not to be determined by the value of the mere clerical service of writing or copying so many pages or folios; and when the compensation or salary of such clerk or officer is not fixed by contract, or by law, he may recover such sum as he may by competent evidence prove his services to be worth.

2. EVIDENCE; *Cross-examination.* The refusal to permit a question asked on cross-examination to be answered is not cause for reversal, even though the question was one which was properly asked in the latitude allowed on cross-examination, where it clearly appears that such ruling could not have prejudicially affected the losing party.

3. WITNESS; *Competency of.* A person who has personal knowledge of the services rendered, and has a knowledge of the value of the services, and what was usually paid for such services in the cast, is competent to testify what the services were worth, although he may not have known of any established price for such services in the vicinity where rendered.

4. IMPLIED CONTRACT; *Clerical services.* When the by-laws of a corporation provide that the officers shall receive such compensation for their services as the board of directors shall fix and allow, and the board has not fixed any compensation, a secretary who has rendered services is entitled to recover therefor, unless there was an understanding that he was to render the services without compensation.

5. JURY; " *General Knowledge.*" The jury have a right, in making up their verdict, to use their general knowledge, such as any man may bring to the subject.