*In the matter of the Petition of* GUS GOLDSMITH AND MAX S. GOLDSMITH, *for a Writ of Habeas Corpus.*

*Original Proceedings in Habeas Corpus.*

PETITION for a writ of *habeas corpus*, filed in this court, December 17, 1880, on behalf of *Gus Goldsmith* and *Max S. Goldsmith*, who alleged that they were unlawfully imprisoned by B. R. Kiehl, the sheriff of Davis county, in the common jail thereof. The writ, issued and made returnable on January 4, 1881, was duly served upon the sheriff, who brought the bodies of the petitioners into court, and made a return in effect that he held the petitioners, and had so held

them since the 13th day of December, 1880, by virtue of two certain warrants of commitment issued to the sheriff of Dickinson county by A. M. Crary, a justice of the peace of Grant township, in that county, of which warrants copies are as follows:

"State of Kansas, Dickinson County, ss:

"The state of Kansas to George Hoisington, sheriff of said county: Whereas, on the 11th day of December, 1880, in a cause then pending before me, the undersigned, A. M. Crary, a justice of the peace of Grant township, in said county, wherein the state of Kansas was plaintiff and Gus Goldsmith and Max S. Goldsmith were defendants, judgment that the said Gus Goldsmith and Max S. Goldsmith each be committed to the jail of said county for the space of three months, and that they each pay a fine of three hundred dollars, together with the costs of prosecution, taxed at $94.75, and that they stand committed until the judgment is complied with, you are therefore commanded to take and commit said defendants to the jail of Dickinson county, there to remain until said judgment be complied with.

"Witness my hand, at Abilene, in said county, this 11th day of December, 1880.

"A. M. Crary, *Justice of the Peace.*"

A copy of the second warrant is as follows (court and title omitted):

"The state of Kansas to George Hoisington, sheriff of said county of Dickinson: Whereas, on the 6th day of December, 1880, there was filed with John Curtz, a justice of the peace in and for said township, in said county and state, a complaint on oath, in writing, made on that day by one Will. F. Allen, charging the said defendants, Gus Goldsmith and Max S. Goldsmith, and each of them, on the 6th and 7th days of December, 1880, with selling, assigning, transferring and conveying one stock of goods, wares and merchandise of theirs, the said Gus Goldsmith and Max S. Goldsmith, with the intent to delay, hinder and defraud one A. W. Bartlett of a large sum of money, to wit, about $1,008.74; he; the said A. W. Bartlett, being then and there a creditor of the said defendants, and they indebted to the said A. W. Bartlett at the time in the sum of about $1,008.74; and whereas, on the 8th day of December, 1880, said cause was on motion of said defendants duly and legally transferred before the under-

signed, A. M. Crary, a justice of the peace of Grant township, in said county and state; and whereas, on the 8th day of December, 1880, said defendants were duly and legally arraigned before me, the undersigned, for trial on said complaint; and whereas, on the 11th day of December, 1880, after a full and fair trial of said cause, the following judgment was rendered therein, that the said Gus Goldsmith and Max S. Goldsmith, each be committed to the jail of Dickinson county for the space of three months from said 11th day of December, 1880, and that they each pay a fine of three hundred dollars, together with the costs of prosecution, taxed at $94.75, and that they and each of them stand committed until this judgment is complied with, you are therefore commanded to take and commit said defendants to the jail of Dickinson county, there to remain until said judgment be complied with.

"Witness my hand at Abilene, in said county and state, this the 31st day of December, 1880.

A. M. CRARY, J. P."

Upon each of the above warrants was indorsed and subscribed by the justice, a statement that there is no jail in Dickinson county, and also a command to the sheriff to commit the defendants to the jail of Davis county, Kansas, there to remain until the judgment rendered against them in said cause be complied with. January 5, 1881, the opinion herein was filed.

*W. C. Davidson*, and *W. S. Stambaugh*, for the petitioners.

*Per Curiam:* We do not think the petitioners are entitled to their discharge, because, from the return of the sheriff of Davis county, it appears that they are in his custody by virtue of process issued on a final judgment of a court of competent jurisdiction. (*Ex parte Nye*, 8 Kas. 99.)

If the first commitment is in any way defective, in failing to refer to an offense over which the justice had jurisdiction, the second commitment is clearly sufficient. While it does not state that the offense was committed in Dickinson county, it refers very fully to the offense of which the petitioners were convicted, and as it nowhere shows that the justice did not have jurisdiction, but affirmatively does show that the offense

is one over which, if committed in Dickinson county, the justice had jurisdiction, the reference is, in our opinion, sufficient in a process like a commitment. The jurisdiction of a justice of the peace is inferior and limited, and while it must affirmatively appear upon the whole record from the recitals therein that the justice has jurisdiction to hear and determine the case at issue, as jurisdiction will not be presumed, yet this rule does not apply to each process, or order, or entry, issued or made by him. In brief, it is not necessary in issuing each process to recite all the facts conferring jurisdiction. It is not the practice, nor do we deem it necessary, to make an exemplification of all the proceedings in a conviction for a misdemeanor before a justice, to constitute a valid *mittimus.* (Comp. Laws 1879, p. 775, § 19.)