STATE OF NEBRASKA, EX REL. JOHN DISTIN, PLAINTIFF IN ERROR, V. GRAN. ENSIGN, DEFENDANT IN ERROR.

1.   Habeas Corpus: PLEADING.   A petition for a writ of habeas corpus must state the facts which constitute the illegal restraint. It is not sufficient to allege that the petitioner is illegally restrained of his liberty.   Where no copy of the petition is set forth in the record, error cannot be predicated on the refusal of the court below to admit certain evidence offered.

2.   ————: EVIDENCE.   Where a petition for habeas corpus is presented for alleged want of probable cause, it should set forth all the testimony taken before the examining magistrate.

ERROR to the district court for Lancaster county, where the cause had been brought on error from the county court, and its judgment affirmed by POUND, J.

Ricketts & Wilson, for plaintiff in error.

F. M. Hall, for defendant in error.

MAXWELL, J.

 On the twenty-seventh day of May, 1882, the relator filed a petition in the county court of Lancaster county alleging that he was illegally restrained of his liberty by the defendant. The court thereupon issued a writ of habeas corpus, to which the defendant made return that he held the relator by virtue of a mittimus issued ·by the county judge of Webster county, in which mittimus it was stated that "said John Distin had been examined by said judge on a charge of horse-stealing in said Webster county, and that said judge found that there was probable cause for holding said John Distin to answer to said charge at the next term of the district court," etc. The court held that it had no authority to review the case, and remanded the prisoner. The case was taken on error to the district court, where the judgment of the county court was affirmed. The cause is brought into this court by petition in error.

There is no copy of the petition for a writ of habeas corpus which was presented to the county judge. Whether this omission is intentional or not does not appear. Nor was any copy of the petition taken into the district court. There is therefore nothing before the court upon which it can act. The petition must set forth the facts constituting the illegal detention. It is not sufficient to state that the petitioner is illegally restrained of his liberty, as that is a conclusion, but it must be made to appear in what the illegal restraint consists. *Ex parte Nye*, 8 Kan., 99. And where a petition is presented for alleged want of probable cause, it should set forth all the testimony taken before the examining magistrate. *In re Snyder*, 17 Kas., 553. *In re Balcom*, 12 Neb., 316. The question whether or not evidence should have been received by the county judge cannot be determined without a statement of the facts as to

the cause of illegal detention.    There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.