WILLIAM E. HOWELL, APPELLANT, v. HERBERT H. HANN, WARDEN NEBRASKA STATE PENITENTIARY, APPELLEE.

53 N. W. 2d 81

Filed May 2, 1952. No. 33158.

*William E. Howell,* pro se, for appellant.

*Clarence S. Beck,* Attorney General, and *Clarence A. H. Meyer,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

Appellant filed his petition for a writ of habeas corpus in the district court for Lancaster County directed to Herbert H. Hann, warden of the penitentiary of the State of Nebraska. The trial court found that the petition did not allege sufficient facts to constitute a cause of action and entered an order of dismissal.

It is shown by the petition and the records incorporated therein that appellant on October 11, 1947, while confined in the county jail of Thayer County awaiting trial on a charge of burglary, feloniously broke such custody and escaped. He was thereafter apprehended in the city of Delehant, Texas, where, it is alleged, that "he was beaten with a rubber hose and forced to sign a waiver of extradition back to the State of Nebraska." The information charging the crime of jail breaking alleges in addition thereto that the appellant had previously been convicted of crime on three separate occasions, three times sentenced and three times committed to prison for terms of not less than one year, all of which constituted the appellant an habitual criminal under the laws of this state. Appellant, after being advised by counsel of his own choosing, entered a plea of guilty to the charge of jail breaking. The state thereupon offered duly authenticated copies of the judgments and commitments sentencing and committing appellant to the penitentiary for one year or more in each of the

three previous convictions alleged. The trial court thereupon adjudged appellant to be an habitual criminal and sentenced him to serve ten years in the State Penitentiary.

Appellant's petition for a writ of habeas corpus is based on allegations that he was returned to Nebraska from Texas by the use of force and fraud, and that his conviction thereafter was therefore a nullity. For the purposes of this appeal we must assume that the allegations of force and fraud are true as pleaded.

This court has held many times that a petition for a writ of habeas corpus must state a cause of action or the court will be required to enter an order denying the writ. Stapleman v. Hann, *ante* p. 410, 51 N. W. 2d 891; Goedert v. Jones, 150 Neb. 783, 36 N. W. 2d 119. The only question presented by this appeal is whether or not the allegations of force and fraud in procuring the return of the appellant to this state to stand trial on the charge of jail breaking lodged against him are sufficient to require the issuance of the writ.

It is not disputed that the district court for Thayer County had jurisdiction of the offense, jurisdiction of the person of the appellant, and that the sentence was within the power of the court to impose. Under such circumstances does the use of force and fraud in procuring the return of one to the state to answer a criminal charge have the effect of invalidating the sentence and commitment and require the issuance of a writ of habeas corpus, for the reason that it is violative of state or federal constitutional guarantees?

This court and the Supreme Court of the United States have answered this question in the negative on many occasions. In Frisbie v. Collins, 342 U. S. 519, 72 S. Ct. 509, 96 L. Ed. 396, it was stated: "This court has never departed from the rule announced in Ker v. Illinois, 119 U. S. 436, 444, that the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by

reasons of a 'forcible abduction.'" It is a general rule that where a person accused of a crime is found within the territorial jurisdiction where he is so charged, the right to put him on trial for the offense charged is not impaired by the fact that he was brought from another jurisdiction by illegal means such as kidnaping, unlawful force, fraud, or the like. Jackson v. Olson, 146 Neb. 885, 22 N. W. 2d 124, 165 A. L. R. 932; Lascelles v. Georgia, 148 U. S. 537, 13 S. Ct. 687, 37 L. Ed. 549; In re Johnson, 167 U. S. 120, 17 S. Ct. 735, 42 L. Ed. 103. The district court therefore correctly held that appellant's petition did not state a cause of action. The petition was properly dismissed.

AFFIRMED.