HARRY RICHARD DIXON, APPELLANT, V. HERBERT H. HANN,
WARDEN OF NEBRASKA STATE PENITENTIARY, APPELLEE.
70 N. W. 2d 80

Filed April 29, 1955. No. 33719.

*Harry Richard Dixon,* pro se.

*Clarence S. Beck,* Attorney General, and *Ralph D. Nelson,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

Petitioner sought a writ of habeas corpus. The trial court refused the writ. Petitioner appeals. We affirm the judgment of the trial court.

Petitioner is an inmate of the Nebraska State Penitentiary. Respondent is the warden.

Petitioner alleged that he was committed to the penitentiary for a term of 10 years from Douglas County. The beginning of the term does not appear. He alleged that on March 4, 1954, he was removed from the penitentiary in custody of a United States marshal, and taken under protest without the state; and that on March 5, 1954, he was returned to the state and to the penitentiary, and again detained under the commitment from Douglas County.

Petitioner's theory is that because of this action, respondent has no further authority or jurisdiction to hold him under the commitment by which theretofore he was held.

There is no allegation as to how, in what manner, or by what authority the United States marshal received custody of the petitioner. There is no allegation as to where or for what purpose the petitioner was removed from Nebraska, or why he was returned. The sole fact of removal and return is alleged.

It is alleged that his removal was allowed by respondent by authority of the State of Nebraska. This is followed by an allegation that the respondent had no authority to allow petitioner's removal without proper warrant of removal. These allegations are conclusions of law and not of ultimate facts. The presumption is that the marshal received custody of the petitioner in a lawful manner, that he did not take him from the respondent by force, and that he did not in any way violate the rights of this state. See Vanover v. Cox, 136 F. 2d 442.

We have searched the authorities and find no case where an order of commitment was held to be satisfied by the removal of a prisoner from the state under the circumstances alleged here.

In Banks v. O'Grady, 113 F. 2d 926, a prisoner sought release by habeas corpus from the Nebraska penitentiary under the following factual situation: On November 26, 1918, the petitioner was sentenced in Sarpy County to serve an indeterminate sentence of from 1 to 20 years. He served until September 22, 1923, when, following a parole agreement, he was released to the authorities of the State of Missouri. One of the conditions of his parole was that he "obey the law." He was released by the Missouri authorities on November 15, 1923. The purpose of the removal of Banks to Missouri is not disclosed in the opinion. Banks returned to Nebraska in December 1923. In February 1934, he was sentenced in Keith County to the penitentiary for a period of 2 years. He was discharged from that sentence October 7, 1935, and thereafter was held under the 1918 commitment from Sarpy County. He sought

release upon three grounds, one being that by releasing him to the State of Missouri in 1923, Nebraska had lost jurisdiction of his person. The court held that: "The power and right to punish the violater of its laws is not lost by a state because it consents to waive the infliction of punishment pending punishment by another state of the same criminal for the violation of its laws, or because it defers punishment for one offense until it has punished for a subsequent offense." See, also, Rawls v. United States, 166 F. 2d 532.

We have held: "A judgment in a criminal action, ordinarily, can be satisfied only by carrying into effect the sentence imposed by the trial court, * * *." Volker v. McDonald, 120 Neb. 508, 233 N. W. 890, 72 A. L. R. 1267.

The rules as to habeas corpus are: "A petition for a writ of habeas corpus must state the facts which it is contended constitute the illegal restraint.

"A petition which states as a conclusion that a petitioner is illegally restrained of his liberty is not sufficient as a basis for the issuance of a writ of habeas corpus.

"It is the duty of the court on presentation of a petition for a writ of habeas corpus to examine it and if it fails to state a cause of action to enter an order denying a writ." Stapleman v. Hann, 155 Neb. 410, 51 N. W. 2d 891. See, also, Howell v. Hann, 155 Neb. 698, 53 N. W. 2d 81; Culpen v. Hann, 158 Neb. 390, 63 N. W. 2d 157. The petitioner relies on the Culpen case. There the petition presented a disputed question of fact as to whether the sentences of petitioner ran consecutively or concurrently. We held that: "Where two sentences are imposed in the same court at the same time for two offenses, the sentences will run concurrently if the trial judge does not otherwise order."

There the petition presented an issue of fact, which if resolved in petitioner's favor, would entitle him to the writ. Here petitioner presents no issue of fact

which if resolved in his favor would entitle him to the writ.

The trial court properly denied the issuance of a writ of habeas corpus.

AFFIRMED.