Carl BECKER, Appellant,

v.

The STATE OF NEBRASKA, Appellee.

No. 20309.

United States Court of Appeals,
Eighth Circuit.

Dec. 15, 1970.

Rehearing Denied Jan. 14, 1971.

Nicholas J. Lamme, Fremont, Neb., for appellant.

Ralph H. Gillan, Asst. Atty. Gen., Lincoln, Neb., for appellee.

Before VAN OOSTERHOUT and HEANEY, Circuit Judges, and HANSON, District Judge.

PER CURIAM.

The petitioner, Carl Becker, is presently confined in the Nebraska Penal and Correctional Complex serving a five-year sentence for the possession of a forged instrument. He contends that he was denied his right to a speedy trial. After exhausting state remedies, he sought habeas corpus relief in the United States District Court for the District of Nebraska pursuant to 28 U.S.C.A. § 2241. Judge Van Pelt granted an evidentiary hearing and, on April 6, 1970, entered a Memorandum and Order denying the petitioner relief. Becker v. State of Nebraska, 310 F.Supp. 1275 (D.Neb. 1970). Petitioner appeals in forma pauperis from Judge Van Pelt's decision and seeks his release. We affirm.

Judge Van Pelt's opinion detailed the factual basis underlying the petitioner's contention and denied relief on the merits. We do not reach the petitioner's substantive Sixth Amendment contention.

The record clearly indicates that the petitioner (1) was originally charged with an additional count under Nebraska's Habitual Criminal Statute, § 29–2221, R.R.S. 1943; (2) pled guilty to the forged instrument charge as a result of open plea bargaining which resulted in dismissal of the habitual criminal count; (3) conferred with his attorney as to his guilty plea and as to the raising of constitutional rights; and (4) does not contend that his guilty plea was involuntary.

Under these circumstances, we believe that the petitioner's guilty plea forecloses his allegation that he was denied a speedy trial. A voluntary plea of guilty constitutes a waiver of all non-jurisdictional defects. Fowler v. United States, 391 F.2d 276 (5th Cir. 1968); Busby v. Holman, 356 F.2d 75 (5th Cir. 1966); United States ex rel. Glenn v. McMann, 349 F.2d 1018 (2nd Cir. 1965), cert. denied, 383 U.S. 915, 86 S.Ct. 906, 15 L.Ed.2d 669 (1966). The issue of the right to a speedy trial is non-jurisdictional in nature. Fowler v. United States, *supra*; United States v. Doyle, 348 F.2d 715 (2nd Cir.), cert. denied, 382 U.S. 843, 86 S.Ct. 89, 15 L.Ed. 2d 84 (1965); Pate v. United States, 297

**158**

F.2d 166 (8th Cir.), cert. denied, 370 U.
S. 928, 82 S.Ct. 1569, 8 L.Ed.2d 507
(1962); United States v. Parrino, 203
F.2d 284 (2nd Cir. 1953).

And more important than any automatic bar which may arise from a guilty plea, we believe that the petitioner's actions relative to entering his plea of guilty indicate an actual, knowing waiver of his claim of an unconstitutional denial of a speedy trial. United States v. Doyle, supra. There is nothing in the record to indicate that the guilty plea was unknowing or involuntary. See, e. g., Luckman v. Burke, 299 F.Supp. 488 (E.D.Wis.1969). Cf., Pennsylvania ex rel. Herman v. Claudy, 350 U.S. 116, 76 S.Ct. 223, 100 L.Ed. 126 (1956); Chambers v. Florida, 309 U.S. 227, 60 S.Ct. 472, 84 L.Ed. 716 (1940).

The decision of the District Court is affirmed.