**UNITED STATES of America, Appellee,**

v.

**Jay Robert HOFF, Jr., Appellant.**

**No. 72-1085.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 13, 1972.

Decided Nov. 15, 1972.

Joseph S. Daly, Omaha, Neb., for appellant.

Thomas D. Thalken, Asst. U. S. Atty., Omaha, Neb., for appellee.

Before BRIGHT and STEPHENSON, Circuit Judges, and TALBOT SMITH, District Judge.*

PER CURIAM.

Robert Hoff, Jr. pleaded guilty to a Dyer Act violation (18 U.S.C. § 2312) and received a five-year sentence from the Nebraska federal district court to be served concurrently with the remainder of a New York State sentence which Hoff became obligated to serve because of violation of his parole. Hoff filed a motion to reduce the Dyer Act sentence, which motion the district court (Judge Denney) denied. Thereafter, Hoff appealed his conviction to this court. We find the appeal without merit and affirm the conviction.

The record shows that Hoff was arrested on July 20, 1971, in Lexington, Nebraska, and that he was taken before a magistrate the next day, where he waived a preliminary hearing. On July 22, 1971, he was taken to Omaha to await further proceedings. Unfortunately, these proceedings were not promptly initiated. On August 11, 1971,

* Of the Sixth Circuit, sitting by designation.

while incarcerated in Omaha, Hoff attempted to file a document with the clerk of the district court requesting legal counsel. Appellant referred to this document, which the clerk refused to file, as an application for habeas corpus. In any event, the district court appointed counsel for him on August 18, 1972, and representation by court-appointed counsel has continued through this appeal.

A grand jury indicted Hoff on October 20, 1971, but his case did not reach the trial stage until January 11, 1972. After a jury had been selected for trial, Hoff requested that he be permitted to change his plea from not guilty to guilty. After a thorough and careful hearing established that Hoff knowingly, understandingly, and voluntarily desired to change his plea to guilty, Judge Denney accepted the plea.

The record also shows that, pending disposition of the federal charges, the district court permitted defendant to return to New York State to face charges as a parole violator and, as we have noted, subsequently directed that the sentence on the federal charge run concurrently with the New York State sentence.

On this appeal, petitioner asserts:

1) that he was deprived of the right to counsel for a preliminary hearing;

2) that he was deprived of the right to a speedy trial; and

3) that the clerk of the district court deprived him of the opportunity to obtain habeas corpus relief.

Petitioner also contends, in a pro se supplemental brief, that the prosecution reneged on an agreement to dismiss the Dyer Act charge and that the district court imposed an excessive sentence under all of the circumstances.

 We are satisfied from the record and from the representations of counsel that no plea bargain was made, and therefore none was violated.[1] The record shows that Hoff's claim that he was denied the right to counsel for a preliminary hearing is contrary to the evidence. Further, we find no violation of his right to a speedy trial. Nothing in this record suggests that the appellant's plea of guilty was anything but voluntarily and knowingly made. A guilty plea voluntarily made effectively waives nonjurisdictional pretrial defects. Becker v. Nebraska, 435 F.2d 157 (8th Cir.), cert. denied, 402 U.S. 981, 91 S.Ct. 1684, 29 L.Ed.2d 145 (1971); United States v. Briscoe, 428 F.2d 954 (8th Cir.), cert. denied, 400 U.S. 966, 91 S.Ct. 378, 27 L. Ed.2d 386 (1970). See McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970).

We affirm the conviction.

1. The prosecutor originally agreed to recommend that Hoff's Dyer Act sentence run concurrently with his New York State sentence—if Hoff plead guilty to the federal charge. This offer was withdrawn prior to Hoff's guilty plea because Hoff had waited until the day of trial to change his plea. The district court, however, directed that the sentences run concurrently, even though the prosecutor's recommendation had been withdrawn.