Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/09/2018 08:16 AM CST

MARVIN E. BUGGS, APPELLANT, V. SCOTT FRAKES,
DIRECTOR, NEBRASKA DEPARTMENT OF
CORRECTIONAL SERVICES, APPELLEE.

___ N.W.2d ___

Filed December 15, 2017.    No. S-16-1015.

1. **Habeas Corpus: Appeal and Error.** On appeal of a habeas corpus peti-
tion, an appellate court reviews the trial court's factual findings for clear
error and its conclusions of law de novo.
2. **Actions: Habeas Corpus: Pleadings.** It is the duty of the court on pre-
sentation of a petition for a writ of habeas corpus to examine it, and if
it fails to state a cause of action, the court must enter an order denying
the writ.

Appeal from the District Court for Lancaster County: SUSAN
I. STRONG, Judge. Reversed and remanded with instructions.

Marvin E. Buggs, pro se.

Douglas J. Peterson, Attorney General, and David A. Lopez
for appellee.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, KELCH, and
FUNKE, JJ.

HEAVICAN, C.J.

## INTRODUCTION

Marvin E. Buggs filed a petition for a writ of habeas corpus
and a motion seeking the postponement of fees. His motion
to postpone fees was denied, with the district court finding
the underlying petition frivolous. We reverse, and remand
with instructions.

## FACTUAL BACKGROUND

Buggs was convicted in 2001 of second degree forgery with a habitual criminal enhancement, and manslaughter. He was sentenced to 10 years' imprisonment for forgery based on the enhancement, and a consecutive sentence of 20 to 20 years' imprisonment for manslaughter. Both his mandatory release date and his parole eligibility date have been calculated for the same date in June 2021.

On August 31, 2016, Buggs filed a motion for postponement of fees in the district court, citing as authority Neb. Rev. Stat. § 29-2824 (Reissue 2016). At that time, Buggs also apparently presented the district court clerk with a petition for a writ of habeas corpus. It not clear from our record whether that petition was filed or whether it is being held in abeyance pending disposition of the motion to postpone.

In any event, the district court treated the motion to postpone fees as a request to proceed in forma pauperis (IFP) and denied the request, finding that Buggs' underlying petition for a writ of habeas corpus was frivolous. Buggs appeals.

## ASSIGNMENTS OF ERROR

Buggs assigns that the district court erred in (1) treating his motion to postpone fees as a motion for IFP status and applying IFP standards to that motion and (2) finding his petition for a writ of habeas corpus frivolous.

## STANDARD OF REVIEW

[1] On appeal of a habeas corpus petition, an appellate court reviews the trial court's factual findings for clear error and its conclusions of law de novo.[1]

## ANALYSIS

On appeal, Buggs argues that the district court erred in treating his motion for postponement of fees as a motion to proceed IFP. We agree.

---

[1] *Sanders v. Frakes*, 295 Neb. 374, 888 N.W.2d 514 (2016).

Section 29-2824 provides in relevant part that in the case of filing for a writ of habeas corpus,

> no person or officer shall have the right to demand the payment in advance of any fees which such person or officer may be entitled to by virtue of such proceedings on habeas corpus, when the writ shall have been issued or demanded for the discharge from custody of any person confined under color of proceedings in any criminal case.

In other words, no prepayment of fees is necessary in order to file a petition for a writ of habeas corpus based upon an issue of custody in a criminal case.[2]

Under § 29-2824, Buggs did not have to prepay the fees associated with the filing of his petition for a writ of habeas corpus, nor was IFP status required in order for Buggs to file that petition.[3] For the same reason, Buggs' motion seeking postponement of fees was unnecessary. Buggs was permitted, by operation of § 29-2824, to file his petition for a writ of habeas corpus without any further motion with regard to the payment of fees.

We conclude that the district court erred in treating Buggs' motion as one for IFP status, because Buggs did not seek IFP status and was not required to obtain IFP status in order to file a petition for a writ of habeas corpus. As such, we reverse the district court's decision and remand the cause with instructions.

[2] Upon remand, the district court shall, consistent with the prohibition against the prepayment of fees set forth in § 29-2824, file the petition for a writ of habeas corpus if the petition has not yet been filed. After filing the motion, the district court should proceed with its habeas corpus review and

---

[2] *Mumin v. Frakes, ante* p. 381, ___ N.W.2d ___ (2017).

[3] *Id.* Accord Neb. Ct. R. App. P. § 2-101(G)(1)(c) (rev. 2015) (providing appellate docket fees in habeas corpus proceedings are not required in advance and will be collected at end of proceeding).

examine the petition to see if it states a cause of action.[4] It is the duty of the court on presentation of a petition for a writ of habeas corpus to examine it, and if it fails to state a cause of action, the court must enter an order denying the writ.[5] This analysis is distinct from a frivolousness review under Neb. Rev. Stat. § 25-2301.02(1)(b) (Reissue 2016).

## CONCLUSION

The decision of the district court is reversed, and the cause is remanded with instructions.

Reversed and remanded with instructions.

Wright, J., not participating.

---

[4] See *Dixon v. Hann*, 160 Neb. 316, 70 N.W.2d 80 (1955). See, also, *O'Neal v. State*, 290 Neb. 943, 863 N.W.2d 162 (2015) (Cassel, J., concurring).

[5] *Id.*