**UNITED STATES of America,**
**Appellee,**

v.

**Lester Frederick BORMAN and Charles King, Defendants-Appellants.**

**Nos. 853, 854, Dockets 34226, 34227.**

United States Court of Appeals, Second Circuit.

Argued June 17, 1970.

Decided Jan. 18, 1971.

Certiorari Denied April 19, 1971.

See 91 S.Ct. 1394.

Hauppauge, Long Island. After the manager, the first employee of the bank to arrive, entered the bank he was forced to turn off the alarm and open the safes. The robbers than taped his mouth and handcuffed him. When five female employees arrived, they were herded into the men's room and sprayed with an eye irritant. The appellants and Johnson took $83,210 in cash and checks and escaped.

Indictments were returned and the accused were apprehended and arrested on February 27, 1969, but were unable to post bail. Several pre-trial motions were made by the accused during March; then on May 29th, they moved for a speedy trial and Judge Mishler assigned the case for trial on June 5 to follow the case of United States v. McNulty. Johnson had agreed to testify for the Government in both United States v. McNulty and in the cases of Borman and King. The McNulty trial was reassigned to June 16th and then to June 30, 1969. At the completion of that trial the appellants' case went forward on August 4, 1969. Meanwhile, they had filed motions for failure to prosecute and for reduction of bail, both of which were denied.

The appellants raise three points on appeal: denial of the Sixth Amendment right to a speedy trial; error in the court's submitting to the jury forms for verdicts which, in effect, contained a summary of charges; and in accepting verdicts based on the uncorroborated testimony of an accomplice who had pleaded guilty but remained unsentenced. The last two points can be summarily disposed of. The forms for the verdicts were similar to those used in United States v. Gallishaw, 428 F.2d 760 (2 Cir. 1970), which were held not erroneous, though in some respects they were "not recommended." The present case was tried before the decision in *Gallishaw* so the trial court was unaware of the cautionary admonitions. But what was said in that case applies to

Phylis Skloot Bamberger, The Legal Aid Society, New York City (Milton Adler, The Legal Aid Society, New York City, on the brief), for defendants-appellants.

Thomas R. Pattison, Asst. U. S. Atty., E. D. New York (Edward R. Neaher, U. S. Atty., E. D. New York, on the brief), for appellee.

Before ANDERSON and FEINBERG, Circuit Judges, and MacMAHON, District Judge.*

PER CURIAM:

Early on the morning of February 23, 1968 the appellants, Borman and King, accompanied by one William Johnson, broke into the Eastern National Bank in

* Of the Southern District of New York, sitting by designation.

this case, and we hold that the court's action was not reversible error. There was also no error with regard to the treatment of the testimony of the accomplice Johnson. The jury was carefully and correctly charged on the point, and counsel had every opportunity fully to argue the credibility issue. United States v. Corallo, 413 F.2d 1306, 1323 (2 Cir.), cert. denied 396 U.S. 958, 90 S.Ct. 431, 24 L.Ed.2d 422 (1969).

■ ■ The principal point argued, concerned the violation of the accused's rights to speedy trial. The controlling decision of this court against which this claimed error must be tested is United States ex rel. Solomon v. Mancusi, 412 F.2d 88 (2 Cir.), cert. denied 396 U.S. 936, 90 S.Ct. 269, 24 L.Ed.2d 236 (1969). It states four factors to be considered on the issue: length of the delay, reason for the delay, prejudice to the defendant and whether or not there has been a waiver by the accused. It is clear there was no waiver in this case and it is also clear there was no prejudice. The delay under the circumstances was not very great. The case was first assigned for trial on June 5; and the assignment was made on May 29—only two months and a few days after the court had decided the accused's pre-trial motions on March 24th. Thereafter the actual trial was delayed for two months from June 5 to August 4, 1969, a substantial portion of which was occasioned by the fact that Johnson was a key witness in the McNulty case. The delay was not, in the premises, excessive or unreasonable;[1] nor was it the result of purposeful or deliberate action on the part of the Government. United States v. Taddeo, 434 F.2d 228 (2 Cir., Nov. 23, 1970).

The judgments of the district court are affirmed.

[1]. On January 5, 1971, the Council for the Second Circuit, in the exercise of its supervisory power over the administration of criminal justice, promulgated standards in regard to prompt disposition of criminal cases in this Circuit. These standards do not become effective until July 5, 1971.