**Doyle Dewayne COURTNEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44042.**

Court of Criminal Appeals of Texas.

Oct. 6, 1971.

Rehearing Denied Nov. 16, 1971.

Badders & Keeling by C. A. Keeling, Nacogdoches, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for robbery by the use of a firearm. The punishment was assessed by the court at thirty-five years.

The appellant was indicted on February 7, 1964. Shortly thereafter he was confined in the Florida State Prison serving sentences of six months to life and a six-month sentence to run consecutively after the life sentence. Within thirty days after he began serving these sentences a detainer was placed on him by the authorities of Nacogdoches County, Texas. On July 28,

1967, the appellant filed his first motion for speedy trial or dismissal of charges. The motion was denied in August. Other motions for dismissal were filed and denied in 1969 and in 1970.

In September of 1970, the appellant was returned to Nacogdoches County. His motion to set aside the indictment was overruled. The jury returned the verdict in December.[1]

The sufficiency of the evidence is not challenged.

The appellant complains in his sole ground of error that the trial court committed reversible error when it refused to sustain his motion to set aside the indictment returned against him or, in the alternative, to abate the prosecution on the ground that he had been denied his constitutional right of a speedy trial as guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution and by Article I, Section 10 of the Constitution of the State of Texas, Vernon's Ann.St.

The Supreme Court's most recent opinion in a speedy trial case, Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970), held the accused's right was violated and a reversal was granted where the state showed no valid reason for a seven-year delay in bringing Dickey back to Florida for trial. Dickey, who was imprisoned in another state, made diligent and repeated efforts to secure a speedy trial, and the record showed abundant evidence of prejudice to the accused in the death of two potential witnesses, unavailability and the loss of police records.

■ We recognize a growing concern throughout the country regarding the right of a speedy trial. This concern stems from the very purposes of the constitutional right of a speedy trial. These purposes are: (1) to prevent undue and oppressive incarceration prior to trial, (2) to minimize anxiety and concern accompanying public accusation, and (3) to limit the possibilities that long delay will impair the ability of the accused to defend himself. See United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966), and Fariss v. Tipps, 463 S.W.2d 176 (Tex.Sup.Ct.1971).

■ Four factors are generally considered in analyzing an alleged violation of an accused's right to a speedy trial: "length of the delay, reason for the delay, prejudice to the defendant and whether or not there has been a waiver by the accused." United States v. Borman, 437 F.2d 44 (2nd Cir. 1971). See, generally, 49 Texas Law Review 917, 921 (1971). These factors will be considered in the instant case.

I. Length of the delay.

■ The right to a speedy trial usually attaches from the time an indictment is presented. See concurring opinion in Dickey v. Florida, supra, 398 U.S. at 43, 90 S.Ct. 1564, and Lucas v. United States, 363 F.2d 500 (9th Cir. 1966). The interests and rights of an accused as well as the State are affected at that time.

II. Reason for the delay.

The appellant was not responsible for the delay except for the fact that he was incarcerated in Florida for other crimes. This is not a sufficient reason for such a long delay. Too much time elapsed from the date of the indictment until the trial.

III. Waiver of the right.

■ An accused must request a trial to claim as error a denial of his right of a speedy trial. McKenzie v. State, Tex.Cr. App., 450 S.W.2d 67; Evans v. State, Tex. Cr.App., 445 S.W.2d 180; Parson v. State, Tex.Cr.App., 432 S.W.2d 89. In the present case the appellant was silent about his right of a speedy trial until July of 1967, a period of three years and five months. He

---

1. The court gave credit for the time he had served from March 4, 1964, to December 11, 1970, the date of the trial.

did, however, make repeated requests for a speedy trial from July of 1967 until the trial, a period of three years and six months. Waiver is not shown.

## IV. Prejudice to the appellant.

The final item we must examine is that of prejudice to the appellant resulting from the delay. The courts have not adopted any unified approach toward prejudice. Three approaches presently cloud the decisional scene. One requires the accused to show actual prejudice resulting from the delay, United States v. DeLeo, 422 F.2d 487 (1st Cir. 1970); Becker v. Nebraska, 310 F.Supp. 1275 (D.Neb.1970); State v. Stanphill, 206 Kan. 612, 481 P.2d 998 (1971); Anderson v. State, 477 P.2d 595 (Nev.1970), or, in lieu of actual prejudice, a showing of prosecutorial intent to prejudice or oppress, People v. Henry, 47 Ill.2d 312, 265 N.E.2d 876 (1970). The rationale of this approach seems simply that unless the accused is actually prejudiced by a delay and shows it, he has in no way been harmed thereby. In Dickey v. Florida, supra, there was abundant evidence of actual prejudice in the record. The remedy, when prejudice is shown, is the dismissal of charges. See Ex parte Jones, Tex.Cr.App., 449 S.W.2d 59; Pope v. Ferguson, 445 S.W.2d 950 (Tex.Sup.Ct.1969).

A second approach taken by some courts makes "a showing of prejudice * * * not required when a criminal defendant is asserting a constitutional requirement under the Sixth Amendment." United States v. Lustman, 258 F.2d 475 (2nd Cir.), cert. den. 358 U.S. 880, 79 S.Ct. 118, 3 L.Ed.2d 109 (1958). See also United States v. Wahrer, 319 F.Supp. 585 (D. Alaska 1970); United States v. Provoo, 17 F.R.D. 183 (D.Md.1955). This approach, called the per se approach, was clearly rejected by the First Circuit in United States v. DeLeo, supra, and the Second Circuit has somewhat modified

Lustman by not following it in a case where only nine months elapsed between arraignment and trial, United States ex rel. Solomon v. Mancusi, 412 F.2d 88 (2nd Cir. 1969). The rationale of this approach is that the denial of the constitutional right of a speedy trial is sufficient harm in itself.

■ The third approach lies somewhere between the other two. It requires a prima facie showing of prejudice to the accused, but the accused does not necessarily have to show actual prejudice. Once a presumption[2] or prima facie[3] case of prejudice arises, the State "must carry the obligation of proving that the accused suffered no serious prejudice beyond that which ensued from the ordinary and inevitable delay." Pitts v. North Carolina, 395 F.2d 182 (4th Cir. 1968). See also Hedgepeth v. United States, 124 U.S.App.D.C. 291, 364 F.2d 684 (1966); People v. Henry, 47 Ill.2d 312, 265 N.E.2d 876 (1970). The rationale here lies in the difficulty of proving prejudice and the likelihood of fundamental unfairness in overlong prosecutions.

■ We adopt the third approach and hold that some showing of prejudice to the accused resulting from the delay is required. The mere passage of time alone in this case is insufficient to reverse and dismiss charges because of the denial of a right of a speedy trial. In the instant case, the appellant did not show or attempt to show any prejudice resulting from the delay. He does not contend that he was denied a witness or that his defense was affected in any way. The record reflects no harm or prejudice sufficient even to raise a prima facie case.

No reversible error has been shown. The judgment of the trial court is affirmed.

MORRISON, J., dissents.

---

2. See Dickey v. Florida, supra, 398 U.S. at 56, 90 S.Ct. 1564 (Brennan, J., concurring opinion.)

3. See Commonwealth v. Clark, 279 A.2d 41 (Pa.1971).