**Jose Salas RAMOS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 45666.

Court of Criminal Appeals of Texas.

Sept. 25, 1972.

Rehearing Denied Nov. 22, 1972.

**298**

Armendariz & Armendariz, by Albert Armendariz, Jr., El Paso, for appellant.

Steve W. Simmons, Dist. Atty., and Harry T. Petersen, Asst. Dist. Atty., El Paso, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of aggravated assault. The jury assessed the punishment at six months in jail and a fine of four hundred and fifty dollars ($450).

Appellant was indicted for the offense of disfiguring on May 29, 1969. He was convicted of the lesser included offense of aggravated assault on September 16, 1969. On October 22, 1969, he filed a motion in arrest of judgment. Appellant was called for sentencing July 23, 1971, at which time he failed to appear. Appellant's motion to

dismiss, filed on October 7, 1971, was over-ruled and he was sentenced on October 8, 1971.

Appellant complains that the overruling of his motion to dismiss was error because the delay in sentencing was a violation of his right to a speedy trial and that such delay constituted cruel and unusual punishment.

The record is void of any requests on behalf of appellant requesting that he be sentenced. On the contrary, after he was found guilty, he moved to California and took a job. There is no prejudice shown by the record nor has appellant shown any prejudice by the delayed sentencing. In fact, appellant failed to appear when called for sentencing and forfeited his appearance bond.

Appellant relies on Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26, as authority for his contention that he was denied a speedy trial. In that case the defendant had requested on several occasions that he be brought to trial, but the prosecution continued to delay. Here appellant had already been convicted and made no attempts to get the court to impose sentence. In Dickey v. Florida, supra, Justice Brennan, in his concurring opinion, stated:

"The evils at which the Clause is directed are readily identified. It is intended to spare an accused those penalties and disabilities—incompatible with the *presumption of innocence*—that may spring from delay in the criminal process." (Emphasis supplied)

There has been no delay to a person presumed innocent in the present case because appellant had already been convicted. Nor has there been any prejudice shown. Appellant was apparently content to wait for the court to summon him. When this was done, he failed to appear. Some showing of prejudice to the accused resulting from the delay is required. The mere passage of time alone in this case is insufficient to reverse and dismiss charges because of the

denial of a right to a speedy trial. See Courtney v. State, Tex.Cr.App., 472 S.W. 2d 151.

The delay in sentencing here does not constitute cruel and unusual punishment. If anything, appellant, at least in part, caused and acquiesced in the delay. He cannot now complain.

No reversible error is shown. The judgment is affirmed.