**Robert R. GUERRA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 49665.**

Court of Criminal Appeals of Texas.

Feb. 19, 1975.

Henry B. Gonzalez, Jr., San Antonio, for appellant.

Ted Butler, Dist. Atty., Gus E. Wilcox & Alan E. Battaglia, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from an order revoking probation.

First, the appellant contends that his Sixth Amendment right to a speedy trial was violated by the failure of the trial court to provide him with a speedy hearing on the motion for revocation. Second, he contends that upon the revocation of his probation the trial court should have given him credit for the time he spent in jail awaiting the revocation hearing.

On November 16, 1970, the appellant pled guilty to possession of heroin and his punishment was assessed at ten years. The imposition of sentence was suspended and appellant was placed on probation. One of the conditions of his probation was that he not violate any laws of the United States or this State. The State filed a motion to revoke probation on November 4, 1971, but the appellant was permitted to continue on probation. Then on January 10, 1973, the State filed its "First Amended Motion to Revoke Probation." Appellant was arrested and placed in jail on January 15, 1973.

In its amended motion for revocation, the State alleged that appellant committed and was charged in federal court with committing the offense of possession with the intent to distribute heroin. On the 15th of February, 1973, in federal court, the appellant pled guilty to that charge and was sentenced to fifteen years in the federal penitentiary.[1] Approximately one year after appellant's arrest, on January 18, 1974, the adult probation officer submitted to the trial court a probation violation report concerning appellant's conviction in federal court. Then on February 15, 1974, exactly thirteen months after the appellant's arrest and twelve months after he had pled guilty and been sentenced in

federal court, a hearing was held on the State's first amended motion for revocation. The appellant pled true to the allegation of the federal conviction, his probation was revoked and sentence was pronounced to start on February 15, 1974 and run concurrently with the federal sentence.

At the hearing, the trial judge stated, and made sure the appellant understood, that the delay in holding the hearing was a result of a request from appellant's attorney. The appellant's attorney had requested and the court had agreed to hold the revocation hearing following the outcome of the federal cause so that the state sentence could run concurrently with the federal sentence.

In McClure v. State, 496 S.W.2d 588, at 589 (Tex.Cr.App.1973), the Court stated:

"Unquestionably, an accused is entitled to a swift adjudication in a probation revocation. . . . Nevertheless, it is equally well established that if the accused does not assert this right in some manner then this Court will not find an abuse of discretion on the part of the trial court. . . . The record is barren of any move by the accused to secure a 'speedy' hearing prior to the revocation proceeding . . .. Further, no harm has been shown by the delay."

There are four factors, among others, to be considered when an accused alleges a violation of his right to a speedy trial. Those are the length of the delay, the reason for the delay, whether the right was waived, and prejudice to the accused. Courtney v. State, 472 S.W.2d 151 (Tex. Cr.App.1971). See Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), and Moore v. Arizona, 414 U.S. 25, 94 S.Ct. 188, 38 L.Ed.2d 183 (1973). Here the appellant was responsible for the delay by requesting that the state court wait until after the adjudication of the federal cause. Also, there is nothing in the record

1. Appellant's brief states that appellant gave notice of appeal from the federal conviction but abandoned that appeal in April, 1973.

that can be construed as a request by the appellant for a speedy hearing.

There was no abuse of discretion of the trial court concerning the delay of the hearing. Appellant's first contention is overruled.

 We agree that appellant should be given credit for his time spent in jail pending the hearing on a motion for revocation of probation. Article 42.12, Section 8(b), Vernon's Ann.C.C.P., provides that "no part of the time that the defendant is on probation shall be considered as any part of the time that he shall be sentenced to serve" upon a revocation of his probation.

However, Article 42.03, Section 2, V.A. C.C.P.,[2] provides:

"In all criminal cases the judge of the court in which the defendant was convicted *shall give the defendant credit on his sentence for the time that the defendant has spent in jail in said cause, from the time of his arrest and confinement until his sentence by the trial court.*" (Emphasis Supplied)

When a defendant is placed on probation, Article 42.12 states that the imposition of sentence is suspended. If probation is revoked the sentence is then imposed. Thus, once sentence is imposed, Article 42.03 makes it mandatory that the trial judge give the defendant the credit for all jail time "from the time of his arrest and confinement until his sentence by the trial court." Harrelson v. State, 511 S.W.2d 957 (Tex.Cr.App.1974). The cases holding to the contrary—Wilson v. State, 471 S.W. 2d 416 (Tex.Cr.App.1971); De Leon v. State, 466 S.W.2d 573 (Tex.Cr.App.1971), and Quintero v. State, 469 S.W.2d 189 (Tex.Cr.App.1971)—were all decided prior to the effective date of the amendment to

Article 42.03[3] making it mandatory that the trial judge give credit for all jail time. By this amendment, passed subsequent to the pertinent language in Article 42.12, the Legislature in effect excluded from the "time that the defendant is on probation" all time spent in jail on the particular cause in question. All cases decided prior to the effective date of the amended Article 42.03 are no longer applicable.

Therefore, appellant's sentence is reformed to show that credit is given for the time in jail after January 15, 1973, the date he was arrested and confined pursuant to the motion for revocation of probation until he was sentenced.

The judgment, as reformed, is affirmed.[4]

---

2. These Articles were in effect as quoted when appellant was sentenced following revocation of probation.

3. Acts 1973, 63rd Leg., page 205, chapter 91, Section 1, effective August 27, 1973.

4. Other jail time after his arrest on the original motion to revoke and before sentencing, the exact number of days which cannot be determined from this record, should be determined in the trial court and appellant given credit for that time.