William Jackson BUTLER,
Jr., Appellant,

v.

The STATE of Texas, State.

Nos. 2–86–276–CR, 2–86–277–CR.

Court of Appeals of Texas,
Fort Worth.

July 16, 1987.

Zachry, Kearney, Hill, Beatty & Butcher and George Gallagher, Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., and David L. Richards, Asst. Criminal Dist. Atty., Fort Worth, for appellee.

Before JOE SPURLOCK, II, KELTNER and LATTIMORE, JJ.

OPINION

LATTIMORE, Judge.

This is an appeal from an order revoking the probation of appellant, William Jackson Butler, Jr., and assessing punishment of ten years and five years (stacked) confinement in the Texas Department of Corrections. Appellant brings one point of error alleging the revocation is invalid because the State did not exercise due diligence in arresting appellant.

The judgment is affirmed.

On August 11, 1983, appellant pled guilty to the offenses of felony theft and burglary of a motor vehicle, and was sentenced to ten years confinement in each case. *See* TEX.PENAL CODE ANN. secs. 31.03 (*see* Act of June 11, 1981, ch. 455, sec. 1, 1981 Tex.Gen.Laws 2065) and 30.04 (Vernon 1974). The imposition of sentence was suspended, and appellant was placed on probation for the full term of his sentence in each case. The State filed a petition to revoke appellant's probation on January 26, 1984, alleging in each case as grounds for revocation that appellant failed to report and pay probation fees, and a capias was issued. An arrest warrant was executed on July 25, 1986 in Washington County, Colorado. On August 4, 1986 the State amended its petition for revocation in each case alleging as grounds appellant's continuing failure to report during 1984, 1985 and 1986. On November 18, 1986, a hearing on the petition was held, at which time appellant's probation was revoked in each case.

In his sole point of error, appellant contends the revocation of his probation was invalid because the State did not exercise due diligence in securing his presence. Ap-

pellant alleges as a result of the State's failure to act, he was denied "his right to a constitutional speedy trial." Appellant cites no authority in support of this novel argument, and we find none.

■ A defendant has a constitutional right to a speedy hearing on a revocation motion, *Hernandez v. State*, 556 S.W.2d 337, 340 (Tex.Crim.App.1977) and *Ross v. State*, 523 S.W.2d 402, 404 (Tex.Crim.App. 1975). In *Barker v. Wingo*, the United States Supreme Court has adopted a balancing test to determine whether a defendant's sixth amendment right to a speedy trial has been violated. The four factors generally considered are: (1) length of the delay; (2) reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. *See Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *Phipps v. State*, 630 S.W.2d 942, 946 (Tex.Crim.App.1982); *Green v. State*, 555 S.W.2d 738, 741 (Tex. Crim.App.1977); *Harris v. State*, 489 S.W.2d 303, 308 (Tex.Crim.App.1973); *Courtney v. State*, 472 S.W.2d 151, 153 (Tex.Crim.App.1971). This constitutional right to a speedy trial is to be distinguished from any rights granted under the Texas Speedy Trial Act, TEX.CODE CRIM.PROC. ANN. art. 32A.02 (Vernon Pamph.Supp. 1987), which was held unconstitutional in *Meshell v. State*, No. 1339–85 (Tex.Crim. App., July 1, 1987) (not yet reported).

■ In the case at bar, appellant's complaint is of the fact that his arrest in August of 1986 was two and one-half years after the capias had issued in January of 1984. Appellant fails to satisfy the first factor of the test as set out in *Barker*. There was no delay in bringing the revocation hearing. The delay appellant complains of is the two and one-half years prior to his arrest. There was ample evidence at the hearing that the State made attempts to arrest appellant, and that appellant was avoiding arrest. We find appellant has been denied no constitutionally guaranteed rights, and overrule point of error number one.

The order revoking probation is affirmed.