**Ricky Gerard VINCENT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–91–133 CR.**

Court of Appeals of Texas,
Beaumont.

April 29, 1992.

Dennis Powell, Orange, for appellant.

Steve Howard, Dist. Atty., Gary R. Boneaux, Asst. Dist. Atty., Orange, for State.

Before WALKER, C.J., and BURGESS and WHITHAM[1], JJ.

1. Honorable Warren Whitham, retired, Court of Appeals, Fifth District at Dallas, sitting by as-

## OPINION

WALKER, Chief Justice.

Appellant was indicted for the felony offense of Involuntary Manslaughter. Appellant filed a pretrial motion to dismiss the indictment alleging violation of federal and state constitutional provisions regarding speedy trial. Following a hearing, the trial court denied said motion. Appellant then pleaded guilty pursuant to a plea bargain and was sentenced to five (5) years confinement in the Institutional Division of the Texas Department of Criminal Justice. Pursuant to TEX.CODE CRIM.PROC.ANN. art. 26.13(a)(3) (Vernon 1989), appellant appeals his conviction raising two points of error, *viz:*

> Point of Error One: Prosecution of this case is barred by the federal constitutional right to a speedy trial.
> Point of Error Two: Prosecution of this case is barred by the Texas constitutional right to a speedy trial.

The record before us consists of the transcript and a brief statement of facts from the hearing on appellant's motion to dismiss held January 23, 1991. At the beginning of this hearing, both sides entered into a stipulation of certain facts and read them into the record. The stipulated facts were as follows:

1. The date of the offense alleged in the indictment was May 8, 1976.
2. Police investigation of the instant offense began on May 8, 1976, included a statement from appellant, and was later terminated as there was insufficient evidence to proceed.
3. On March 23, 1990, appellant entered a plea of guilty in Cause No. A 890127 in the 128th District Court of Orange County, Texas. Cause No. A 890127 was completely unrelated to the instant case, and the trial court ordered a pre-sentence report prior to sentencing appellant in Cause No. A 890127.
4. On May 23, 1990, the pre-sentence report in Cause No. A 890127 was filed in the 128th District Court. Said report

signment pursuant to TEX.GOV'T CODE ANN. § 74.-003(b) (Vernon 1988).

contained information that appellant told Roger Kendall, a counselor with the sex offender group, in regard to the instant offense, the death of appellant's three and one-half month old daughter, that appellant confessed to the group that he (appellant) was responsible for the baby's death. Appellant told the group that he (appellant) was high and had spanked the baby too hard.

5. As a result of the pre-sentence report in Cause No. A 890127, the trial court rejected the plea bargain on May 23, 1990.

6. On July 5, 1990, pursuant to a new plea bargain in Cause No. A 890127, the trial court sentenced appellant to one hundred fourteen (114) days in the Institutional Division of the Texas Department of Criminal Justice.

7. On September 14, 1990, in Cause No. A 890127, appellant was granted shock probation by the trial court; this returned appellant from prison and placed him on probation in lieu of further incarceration.

8. On September 24, 1990, appellant was contacted by Mark Ellis, an investigator for the Orange County Attorney's Office, and on that date appellant gave more incriminating statements than the prior statement.

9. On November 21, 1990, appellant testified before a grand jury investigation involving the instant case. The indictment in the instant case was returned the same day, November 21, 1990.

Appellant also introduced into evidence Defendant's Exhibit 1 which is described in the statement of facts as "representing a copy of the relevant plea papers, judgments and sentences and pre-sentence investigation alluded to in the stipulation...." Defendant's Exhibit 1 does not appear in the record before us on appeal.

Appellant's argument under both points of error is basically the same and is taken from his brief as follows:

In this case the incriminating evidence came out in May of 1990 and the District (sic) Attorney's testimony established that there was no reason why the subsequent follow-up investigation of taking a statement of the appellant and presenting the case to the Grand Jury could not have been done in June of 1990. Had that been done the appellant would have been indicted and faced the charges in the instant case prior to entering a plea on the case that was already pending. Had the appellant been indicted in June of 1990, the appellant would have had the option of pleading to both cases and would have retained the possibility of serving a concurrent sentence. As this case was actually handled, however, the appellant was deprived of the opportunity to receive sentences concurrent on the two cases and the appellant instead served one hundred fourteen days in the Texas Department of Corrections (sic), for which time the appellant receives no credit toward the sentence in the instant case ...

In balancing all of the factors in the instant case there exists clear direction that there was an unreasonable delay in this case which resulted in prejudice to the appellant, and the prosecution of the appellant in the instant case should have been barred by the Federal Constitutional Speedy Trial Right.

The delay in which appellant focuses his complaint is approximately six months from May, 1990 when appellant's allegedly incriminating statement was made to the sex offender group, to November 21, 1990 when appellant was formally indicted for the instant offense. Appellant concedes, however, that it has ordinarily been held that the constitutional right to a speedy trial does not commence or attach until the time a defendant is formally accused or arrested. *Dillingham v. United States,* 423 U.S. 64, 96 S.Ct. 303, 46 L.Ed.2d 205 (1975); *United States v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); *Chapman v. Evans,* 744 S.W.2d 133 (Tex. Crim.App.1988); *Easley v. State,* 564 S.W.2d 742 (Tex.Crim.App.), *cert. denied,* 439 U.S. 967, 99 S.Ct. 456, 58 L.Ed.2d 425 (1978). Nevertheless, appellant urges us to hold that, given the peculiar facts of this case, appellant's speedy trial rights at-

tached and arose in May of 1990 "when the handling of the case rested solely in the hands of the Orange County District (sic) Attorney."

 We decline to extend or revise the long and solid line of both federal and Texas cases cited above. Indeed, any revision or extension of the established rule as suggested by appellant would seem irrational based upon the purposes of the constitutional right to a speedy trial, which are: 1) to prevent undue and oppressive incarceration prior to trial, 2) to minimize anxiety and concern accompanying public accusation, and 3) to limit the possibilities that long delay will impair the ability of the accused to defend himself. *See, United States v. Ewell,* 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966); *Courtney v. State,* 472 S.W.2d 151 (Tex.Crim.App.1971). In the instant case, none of the three purposes set out above was even remotely applicable to appellant. Appellant was not incarcerated during any period for the instant offense until the date of indictment, appellant does not complain of nor is there any evidence of any public accusations against appellant until he was formally indicted, and there is again no evidence that the approximately six month delay impaired appellant's ability to defend himself. We hold, therefore, that our examination of any alleged violation of appellant's federal or state speedy trial rights will begin with the date appellant was formally accused of the instant offense, that date being November 21, 1990. We wish to make it clear at this point that the intervening period of some fourteen years from the date of the offense and its initial investigation until the investigation was reopened sometime in May 1990 is not to be considered with regard to any speedy trial rights appellant may have. *See, United States v. McDonald,* 456 U.S. 1, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982).

In the instant case, there are no facts stipulated involving dates subsequent to the indictment date of November 21, 1990, nor does the statement of facts before us contain testimony involving events following November 21, 1990. Furthermore, appellant does not raise a complaint in his brief with regard to any delay subsequent to November 21, 1990. Indeed, appellant's Motion To Dismiss only complains of harm to appellant by "the State's delay of 14 years and by the State's delay of 7 months." Since appellant's motion was filed December 28, 1990, the only "delay" relevant for our consideration would be the time period between November 21, 1990 and December 28, 1990, or roughly *thirty-seven* days. Recall that we have held that the only delay relevant to any speedy trial rights appellant may have in the instant case is that following the date his indictment was returned, November 21, 1990. The record before us further reflects that the hearing on appellant's motion was held some *twenty-five* days after it was filed, and that the trial court ruled on the motion some *fifteen* days later. On the same day appellant's motion was denied, he formally waived any subsequent right to speedy trial and pleaded guilty to the instant offense some three months later.

From examining the entire record before us, it is clear that the entirety of appellant's complaints and arguments are centered around the time period *prior* to the indictment date of November 21, 1990. The trial court certainly committed no error in denying appellant's motion on the grounds alleged therein and the proof elicited at the January 23, 1991 hearing. *See, Chapman, supra* 744 S.W.2d at 136. Furthermore, because appellant failed to raise a speedy trial issue with regard to the *post-indictment* time period, he is precluded from an appeal on that issue as the plea bargain was followed by the trial court and the record before us contains no permission by the trial court to appeal on that issue. *See,* Article 26.13(a)(3). Point of error one is overruled.

The only substantive distinction appellant makes in his second point of error is in urging us, in the spirit of *Heitman v. State,* 815 S.W.2d 681 (Tex.Crim.App.1991), to "reserve for ourselves the power to interpret our own constitution." *Id.* at 682. The Court of Criminal Appeals has, for several years now, distinguished an accused's speedy trial rights under the Texas

Constitution from those provided by the United States Constitution. *See, Courtney, supra* 472 S.W.2d at 154. Any additional speedy trial rights provided to defendants under Texas law in *Courtney* would not aid appellant as he again failed to complain of *post-indictment* delay. We, as an intermediate appellate court, decline to broaden established precedent for all of the reasons set out in our discussion of point of error one. We, therefore, overrule appellant's second point of error and affirm the judgment and sentence of the trial court.

AFFIRMED.