

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-15-00215-CR

BRAULIO SANCHEZ                                                          APPELLANT

V.

THE STATE OF TEXAS                                                            STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
TRIAL COURT NO. 1376187W

----------

## MEMORANDUM OPINION[1]

----------

Appellant Braulio Sanchez appeals a judgment adjudicating his guilt for possession of a controlled substance, methamphetamine, of less than one gram. In three issues, Appellant attacks the "Reparation (Probation Fees)" assessment of $878 as reflected in the "Bill of Cost." He contends (1) the trial court improperly included a $243 fine in the judgment because no fine was pronounced

---

[1]See Tex. R. App. P. 47.4.

at sentencing, (2) the evidence is insufficient to support the assessment of $600 in delinquent probation fees, and (3) the evidence is insufficient to support the assessment of a $35 fee "DUE TO CSCD."  We sustain his first and third issues, remove $243 and $35, respectively, from the "Reparation (Probation Fees)" and modify the "Reparation (Probation Fees)" in the "Bill of Cost" to reflect $600 instead of $878.  As modified, we affirm the trial court's judgment.

## BACKGROUND

On July 11, 2014, the trial court placed Appellant on deferred adjudication community supervision for three years and assessed a $300 fine that was not suspended.[2]  The State filed petitions to proceed to an adjudication on July 25, 2014, and again on April 10, 2015.  On May 27, 2015, the trial court adjudicated Appellant guilty and sentenced him to two years in a state jail facility.  On appeal, Appellant does not contest the trial court's decision to adjudicate him guilty or his sentence.

Rather, Appellant contests the "Reparation (Probation Fees)" portion of the "Bill of Cost," which lists an amount of $878.  Within the clerk's record is a sheet with the heading, "Community Supervision and Corrections Department of Tarrant County."  The sheet itself is entitled, "Revocation Restitution / Reparation Balance Sheet – Art. 42.03 Sect. 2, b C.C.P."  Under "Administrative Financial

---

[2]The terms "probation" and "community supervision" are synonymous and are generally used interchangeably.  *Prevato v. State*, 77 S.W.3d 317, 317 n.1 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

Obligations," the total amount owed is $878.  The balance sheet shows that the $878 consists of (1) $243 for "Fines Remaining," (2) $600 for "PROBATION FEES," and (3) $35 for "DUE TO CSCD."  The $878 in the "Bill of Cost" reflects these fees assessed in the balance sheet.  In his three issues, Appellant contends the $243 should be removed, the $600 should be only $540, and the $35 should be removed.  Appellant contends the total amount of the "Reparation (Probation Fees)" portion of the "Bill of Cost" should be modified to reflect only $540.

## ARGUMENT

### *First Issue:  The $243 "Fines Remaining"*

Appellant contends in his first issue that the trial court improperly included $243 as "Fines Remaining" in the judgment because no fine was pronounced at sentencing.[3]  The record shows that the trial court assessed Appellant's punishment at two years in the state jail facility but did not announce any fine. The State concedes that because there was no pronouncement of a fine at sentencing, Appellant is correct.  We agree as well.

In the context of deferred adjudication community supervision, when the trial court adjudicates guilt, it sets aside the order deferring adjudication, including any previously imposed fine.  *Taylor v. State*, 131 S.W.3d 497, 502

---

[3]When the trial court initially placed Appellant on deferred adjudication community supervision, it assessed a $300 fine that was not suspended. Appellant paid $57 toward that $300 fine.  At the time his community supervision was revoked, Appellant still owed $243.

3

(Tex. Crim. App. 2004).  When the trial court adjudicates the defendant guilty and where, as here, the trial court does not orally pronounce a fine but the written judgment includes a fine, there is a conflict between the two, and the oral pronouncement controls.  *See id.*  We sustain Appellant's first point.

### *Second Issue:  The $600 "PROBATION FEES"*

In his second issue, Appellant contends that the evidence is insufficient to support the assessment of $600 in delinquent probation fees.  He argues the total should be $540, not $600.

Appellant contends that he was ordered to pay a monthly probation fee of $60 beginning on August 15, 2014.  Appellant maintains he missed the nine payments from August 2014 through April 2015, which adds up to $540.  Appellant was placed in custody on April 19, 2015.  Appellant maintains there is no evidence that he was capable of paying the May 15, 2015 monthly fee while he was in custody.  Appellant also maintains that he was excused from paying the probation fee while he was in jail.  Accordingly, he maintains that the total should be $540 and not $600.  Appellant cites *Wike v. State*, in which the court wrote,

> There is authority suggesting that a jailed probationer is excused from complying with conditions of probation, including paying supervisory fees.  *See Guerra v. State*, 518 S.W.2d 815, 817 (Tex. Crim. App. 1975) (defendant in jail is not "on probation"); *Matthews v. State*, 478 S.W.2d 943 (Tex. Crim. App. 1972); *Cotton v. State*, 472 S.W.2d 526 [(Tex. Crim. App. 1971)]; *Hall v. State*, 452 S.W.2d [490,] 493 [(Tex. Crim. App. 1970)]. We have found no cases directly in point on this issue.

4

725 S.W.2d 465, 469 (Tex. App.—Houston [1st Dist.] 1987, no pet.); *see also* *Smith v. State*, 790 S.W.2d 366, 368 (Tex. App.—Houston [1st Dist.] 1990, pet. ref'd) (citing *Wike* for the same proposition).

*Whether Appellant's Probation Fee was Excused While He was in Jail*

We are not persuaded by *Wike* that a jailed probationer is excused from paying supervisory fees. In *Guerra*, a case the court in *Wike* relied on, the court reconciled two statutes that were arguably inconsistent. One statute prohibited a defendant's time on probation from being considered part of his time served upon revocation, and another statute required, upon sentencing, that a defendant receive credit for time served in jail. *Guerra*, 518 S.W.2d at 817. The court held that once probation is revoked, the latter statute applies, requiring that the defendant receive credit for time served in jail after his arrest until his sentence. *Id.* *Guerra* does not address probationary fees and is, therefore, distinguishable.

In *Matthews*, another case the court in *Wike* relied on, the State alleged the defendant had failed to pay court costs and make restitution; the question was whether the trial court abused its discretion by finding the defendant had the ability to pay, and the appellate court held that the trial court had. *Matthews*, 478 S.W.2d at 943–44. Although the defendant had spent time in jail, the defendant did not give that as his reason for not paying; rather, the reason the defendant gave was that he had to pay hospital bills because his wife was pregnant and had been taken to the hospital. *Id.* at 944. The basis of the decision in *Matthews*

5

was the defendant's inability to pay the fee, not the inapplicability of the fee while the defendant was in jail. *Matthews* is distinguishable.

In *Cotton*, another case cited in *Wike*, the court reversed an order revoking probation based upon the defendant's failure to pay probation fees because the record showed that while the defendant was on probation, he was unemployed and, at other times, in jail, so the State did not meet its burden of proving the defendant had the ability to pay. *Cotton*, 472 S.W.2d at 527–28. Once again, the basis of the opinion was not the inapplicability of the fee but the inability to pay the fee. *Cotton* is distinguishable.

In *Hall*, the last case relied on in *Wike*, the court held that the revocation of probation was valid on the basis of the defendant's having committed a new offense; consequently, the court did not reach the fine issue. *Hall*, 452 S.W.2d at 493–94. *Hall*, therefore, is inapposite.

Appellant was initially placed on deferred adjudication community supervision on July 11, 2014. The first $60 payment was due August 15, 2014. Thereafter payments were due on the fifteenth of each month. Technically Appellant was still on community supervision on May 15, 2015, while he was in jail and when the tenth probationary fee of $60 came due. We decline to hold that Appellant's arrest and incarceration in jail acted to revoke his community supervision and thereby terminate his conditions of probation. The trial court did not revoke Appellant's community supervision until it adjudicated him guilty on

May 27, 2015. *See Taylor*, 131 S.W.3d at 502 (holding that adjudication of guilt sets aside the order deferring adjudication).

*Whether Appellant was Unable to Pay*

Appellant limits his sufficiency complaint to the $60 assessed while he was in jail in May 2015. The State's "Petition to Proceed to Adjudication" was not based upon Appellant's failure to pay his monthly probationary fees. *See McKinney v. State*, No. 02-12-00479-CR, 2014 WL 1510095, at *1–2 (Tex. App.—Fort Worth Apr. 17, 2014, pet. ref'd) (mem. op., not designated for publication) (involving defendant who disputed assessment of three months' probation fees not alleged in State's petition and which were not the basis of his revocation). His inability to pay the probation fees was, therefore, not an issue.

The code of criminal procedure provides, "In all revocations of a suspension of the imposition of a sentence the judge shall enter the restitution or reparation due and owing on the date of the revocation." Tex. Code Crim. Proc. Ann. art. 42.03, § 2(b) (West Supp. 2016).[4] As determined earlier, as of the date of adjudication, $600 was the correct amount due. Consequently, the trial court was required to order the payment of all reparations due and owing after

---

[4]Effective January 1, 2017, article 42.03, § 2(b) will be modified to read, "In all revocations of a suspension of the imposition of a sentence the judge shall enter the restitution due and owing on the date of the revocation." Act of May 26, 2015, 84th Leg., R.S., ch. 770, §§ 2.12, 4.02, 2015 Tex. Sess. Law Serv. 2320, 2369, 2394 (West) (to be codified at Tex. Code Crim. Proc. Ann. art. 42.03, § 2(b)).

Appellant's community supervision was revoked. *See McKinney*, 2014 WL 1510095, at *2. We overrule Appellant's second issue.

### *Third Issue: The $35 "DUE TO CSCD"*

In his third issue, Appellant argues that the evidence in the record is insufficient to support the assessment of a $35 fee "DUE TO CSCD." The State contends the balance sheet provides evidentiary support. *See Taylor v. State*, No. 02-15-00425-CR, 2016 WL 3159156, at *1, *5 (Tex. App.—Fort Worth June 2, 2016, pet. ref'd) (mem. op., not designated for publication). In the body of Appellant's argument, however, he indicates that his complaint is broader than merely lack of evidentiary support. Relying on *Lewis v. State*, Appellant argues, "Nothing in the record explains what this amount is for." 423 S.W.3d 451, 461 (Tex. App.—Fort Worth 2013, pet. ref'd); *see also Boyd v. State*, No. 02-11-00035-CR, 2012 WL 1345751, at *2 (Tex. App.—Fort Worth Apr. 19, 2012, no pet.) (mem. op., not designated for publication).

In *Lewis*, as here, all we had were fees on a balance sheet listed as "Due to CSCD," and we wrote, "We are unable to determine from the record what these ["Due to CSCD"] figures represent or whether they were included as part of the original conditions of Appellant's community supervision." 423 S.W.3d at 461; *see also Boyd*, 2012 WL 1345751, at *2. In *Lewis*, when unable to tell where the "Due to CSCD" came from, we struck that portion of the reparations. *See Lewis*, 423 S.W.3d at 461. In *Taylor*, we held that the bill of cost was evidence supporting the fee and left both the amount owed in probation fees and

8

the amount "DUE TO CSCD" in the judgment. *See Taylor*, 2016 WL 3159156, at *1, *5. In *Taylor*, we distinguished *Lewis* on the basis that *Lewis* failed to consider the bill of cost as evidence supporting the fee. *Id.* at *5.

In this case, we are able to tell the $35 "DUE TO CSCD" was not a condition of Appellant's community supervision. The "Conditions of Community Supervision" has a specific subsection devoted to payments that must be paid to "the Community Supervision and Corrections Department of Tarrant County, Texas." There is a "Supervision Fee" in the amount of $60 per month, a "Crime Stoppers Fee" in the amount of $50, a "Fine" in the amount of $300, "Attorney Fees" in the amount of $300, and "Court Costs" in the amount of $334. There is no separate fee for $35. There are also a September 22, 2014 "Supplement/Amendment to Conditions of Community Supervision" and a December 18, 2014 "Supplement/Amendment to Conditions of Community Supervision," but neither says anything about a $35 fee owed to CSCD. We conclude that the $35 fee at issue was not made a condition of Appellant's probation. However, as in *Lewis*, we are still not able to tell what the basis for the $35 "DUE TO CSCD" is. In *Taylor*, we treated the probation fees and a $15 amount "DUE TO CSCD" as a single unit and as probation fees collectively. *See Taylor*, 2016 WL 3159156, at *1, *5. We agree that any fees "DUE TO CSCD" are owed to the "Community Supervision and Corrections Department of Tarrant County" and are, therefore, related to probation. The question remains, however, what exactly are the fees "DUE TO CSCD"?

9

The trial court can set a probation fee of "not more than $60 per month." Tex. Code Crim. Proc. Ann. art. 42.12, § 19(a) (West Supp. 2016); *Taylor*, 2016 WL 3159156, at *4; *Tucker v. State*, Nos. 02-15-00265-CR, 02-15-00266-CR, 2016 WL 742087, at *2 (Tex. App.—Fort Worth Feb. 25, 2016, pet. ref'd) (mem. op., not designated for publication).[5] For certain offenses not pertinent here, the trial court can assess an additional $5 monthly fee. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 19(e) (West Supp. 2016). On our record, we know that the $35 "DUE TO CSCD" is neither the $60 monthly probation fee authorized under section 19(a) nor the $5 monthly fee authorized under section 19(e). As in *Lewis*, we are not able to determine where the amount "DUE TO CSCD" came from or what it represents. *See Lewis*, 423 S.W.3d at 461. Although it is related to probation, we are not able to determine what the authority for the fee is.

Most court costs are mandated by statute and, therefore, not subject to the need for an ordinary sufficiency review. *See Johnson v. State*, 423 S.W.3d 385, 388 (Tex. Crim. App. 2014). Only statutorily authorized court costs may be assessed against a defendant. *Id.* at 389. Conceding that the "Bill of Cost" and the balance sheet provide some record support for the $35 "DUE TO CSCD," we are nevertheless unable to determine the authority for this particular assessment. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 19(a), (e). Following *Lewis*, we

---

[5]*Tucker* involved a $60 monthly fee dispute but did not involve any fee "DUE TO CSCD." *See Tucker*, 2016 WL 742087, at *1–2.

10

sustain Appellant's third issue and strike the $35 from the reparations. *See Lewis*, 423 S.W.3d at 461.

## CONCLUSION

We sustain Appellant's first and third issues. We remove $243 and $35, respectively, from the amount owed for "Reparation (Probation Fees)" within the "Bill of Cost," and we modify it to reflect $600 instead of $878. We further modify the "Total Cost Owed" within the "Bill of Cost" to correspondingly reflect $964 instead of $1,242. As modified, we affirm the trial court's judgment.


/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DAUPHINOT, J., concurs without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 22, 2016

11