

# NUMBER 13-20-00506-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

THE STATE OF TEXAS,                                              Appellant,

v.

RANDY GUAJARDO,                                                Appellee.

### On appeal from the 445th District Court
### of Cameron County, Texas.

## MEMORANDUM OPINION

### Before Justices Longoria, Hinojosa, and Tijerina
### Memorandum Opinion by Justice Longoria

Appellee Randy Guajardo was indicted for intentionally or knowingly possessing cocaine in an amount of one gram or more but less than four grams, a third-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c). Guajardo filed a motion for speedy trial which was granted by the trial court. By its sole issue, the State of Texas argues the trial court erred in granting Guajardo's speedy trial motion and dismissing the case. We

reverse and remand.

## I.     BACKGROUND

In May 2017, Guajardo was arrested for possession of cocaine. *See id*. He was subsequently indicted on the charge and arraigned in December 2017. The case was set and reset for trial over a dozen times from January 2018 until November 2020. In November 2020, Guajardo filed a motion for speedy trial, which was heard via Zoom. The trial court granted Guajardo's motion, and this appeal by the State followed.

## II.     SPEEDY TRIAL

By its sole issue, the State argues that the trial court abused its discretion by granting Guajardo's motion for a speedy trial.

### A.     Standard of Review and Applicable Law

When reviewing a trial court's ruling on a speedy trial claim, we review for an abuse of discretion on the factual components and review de novo on the legal components. *Cantu v. State*, 253 S.W.3d 273, 282 (Tex. Crim. App. 2008); *Zamorano v. State*, 84 S.W.3d 643, 648 (Tex. Crim. App. 2002). Because the trial court did not enter findings of fact or conclusions of law, we presume the trial court resolved all factual issues in Guajardo's favor, and we must defer to such presumed findings. *State v. Munoz*, 991 S.W.2d 818, 821 (Tex. Crim. App. 1999). Our de novo review, however, is governed by a well-established, four-factor balancing test that weighs (1) the length of the delay, (2) the reasons for the delay, (3) the defendant's assertion of his speedy-trial right, and (4) prejudice suffered by appellee as a result of the delay. *See Barker v. Wingo*, 407 U.S. 514, 529 (1972); *see also Johnson v. State*, 954 S.W.2d 770, 771 (Tex. Crim. App. 1997)

("The balancing test as a whole, however, is a purely legal question . . . reviewed de novo."). No single factor is determinative of a speedy-trial violation, and both parties' conduct must be weighed. *See Barker*, 407 U.S. at 530; *Dragoo v. State*, 96 S.W.3d 308, 313 (Tex. Crim. App. 2003).

The State has the burden to justify the delay, and Guajardo has the burden to prove his assertion of the right and prejudice from the delay. *See Barker*, 407 U.S. at 531. Guajardo's burden varies inversely with the State's degree of culpability for the delay. *See Cantu*, 253 S.W.3d at 280–81.

**B.     Balancing Factors**

**1.     Length of Delay**

Although the length of the delay is the first factor of the balancing test, it acts as a "triggering mechanism" for inquiry into the other factors. *See Barker*, 407 U.S. at 530. Therefore, to trigger an analysis of the other three factors, we must calculate the period of delay and determine if its length is "presumptively prejudicial." *Id*.; *see Doggett v. United States*, 505 U.S. 647, 651–52 (1992); *Zamorano*, 84 S.W.3d at 648. Our calculation begins at the time Guajardo was arrested and ends at the time of trial. *See Zamorano*, 84 S.W.3d at 648–49; *see also State v. Page*, No. 05-18-01391-CR, 2020 WL 1899453, at *4 (Tex. App.—Dallas Apr. 17, 2020, no pet.) (mem. op., not designated for publication). Courts generally deem a delay approaching one year to be unreasonable enough to trigger an analysis of the remaining *Barker* factors. *Balderas v. State*, 517 S.W.3d 756, 768 (Tex. Crim. App. 2016).

3

The State concedes that the length of the delay—over three and a half years—is sufficient to trigger an analysis of the remaining factors. We agree that this delay goes well beyond the minimum to trigger an analysis of the remainder of the balancing test. *See, e.g., Shaw v. State*, 117 S.W.3d 883, 889 (Tex. Crim. App. 2003); *Dragoo*, 96 S.W.3d at 314; *see also Mendez v. State*, 212 S.W.3d 382, 385 (Tex. App.—Austin 2006, pet. ref'd) (substituted op.).

### 2. State's Justification for the Delay

Our evaluation of the second factor uses a sliding scale by which we assign different weights to different reasons for the delay. *See Barker*, 407 U.S. at 531; *Balderas*, 517 S.W.3d at 768. If the delay resulted from neutral reasons—negligence or overcrowded courts—this factor will weigh against the State but less heavily. *Barker*, 407 U.S. at 531; *Balderas*, 517 S.W.3d at 768. If the delay resulted from a valid reason, this factor will not weigh against the State. *Munoz*, 991 S.W.2d at 822. Deliberate conduct by the State will, of course, weigh heavily against the State. *See Balderas*, 517 S.W.3d at 768. In the absence of an assigned reason, we may not presume either that the State acted deliberately to prejudice the defense or that there was a valid reason for the delay. *See id.*

Guajardo was arrested in May 2017 and indicted in November 2017. The record reflects there were several trial dates set and reset prior to Guajardo being taken into federal custody in Louisiana sometime on or about December 2018, one of which was agreed to by both parties. The State argues that upon learning that Guajardo was in federal custody, it filed its first of "approximately seven" applications for writ of habeas

4

corpus to have Guajardo brought to Texas for trial on the underlying drug possession offense. There is no dispute that Guajardo was in federal custody on separate charges; however, Guajardo argues that the State was capable of setting a trial and securing his presence for said trial. Specifically, Guajardo contends that he was in the custody of the government, and because the State is part of the government, it should not have been difficult to procure his attendance for trial.

In *Smith v. Hooey*, the United States Supreme Court held that a defendant's custody in another jurisdiction does not by itself relieve the State of the obligation to timely bring the defendant to trial. 393 U.S. 374, 382–83 (1969). Upon an out-of-state prisoner's demand for a speedy trial, a state must "make a diligent, good faith effort to bring him before" the appropriate court for trial. *Id*. at 383. Even though the Guajardo did not make a demand for a speedy trial during his time in federal custody, the State filed "approximately seven" applications for writ of habeas corpus demanding Guajardo be brought in for trial in Texas. Given the efforts by the State to procure Guajardo's appearance for trial during the period of delay, we find that the State did not act deliberately to delay the trial or to prejudice the defense. *See Munoz*, 991 S.W.2d at 822. This factor is neutral.

### 3. Assertion of Right to Speedy Trial

Under *Barker*, a defendant is responsible for asserting or demanding his right to a speedy trial. *See Barker*, 407 U.S. at 528–29. Although a defendant's failure to assert his speedy trial right does not amount to a waiver of that right, "failure to assert the right . . . make[s] it difficult for a defendant to prove he was denied a speedy trial." *Dragoo*,

5

96 S.W.3d at 314. This is because a defendant's lack of a timely demand for a speedy trial indicates strongly that he did not really want a speedy trial and that he was not prejudiced by a lack thereof. *See id*. Furthermore, the longer the delay, the more likely it becomes that a defendant would take some action to obtain a speedy trial. *See id*. Thus, inaction weighs more heavily against a violation the longer the delay becomes. *Id*.

Guajardo argues that he wanted the case to move forward while he was in federal custody; however, he did not file a speedy trial motion until almost three years after he was indicted, on November 5, 2020. On that same day, a status conference was held via Zoom and counsel for Guajardo requested and received a preferential trial date in March 2021. At the hearing on his motion for speedy trial, Guajardo's counsel argued that he had asked the trial court to "either dismiss it or bring [Guajardo] down" on several prior occasions. We note, however, that aside from the argument of counsel that the assertions were made, the only speedy trial request located in the record was the filed motion in November 2020. Guajardo's motion for speedy trial makes no mention of any previous assertion of his right.

Therefore, because Guajardo failed to assert his speedy trial right until just before trial, we conclude that this factor weighs heavily against finding a violation of the speedy trial right. *Id.* at 315.

### 4. Prejudice to Guajardo

The speedy-trial right was designed to prevent the dangers of (1) oppressive pretrial incarceration, (2) increased anxiety and concern for the accused, and (3) impairment of the accused's defense. *See id*. (citing *Barker*, 407 U.S. at 532).

Guajardo generally argued in the trial court that prejudice to his defense can be construed from the length of the delay, but this argument conflates the first and fourth *Barker* factors. Presumptive prejudice arises in the context of the first gatekeeper factor and dictates whether the remaining three factors must be considered. *Barker*, 407 U.S. at 530. If the delay is close to a year or more, prejudice is presumed such that the remaining factors must be considered, including prejudice to the defense. *See Doggett*, 505 U.S. at 652 n.1. Even if presumptive prejudice is found based on the length of the delay, the defendant still must establish prejudice to his defense in the fourth factor. *See id.* ("We note that, as the term is used in this threshold context, 'presumptive prejudice' does not necessarily indicate a statistical probability of prejudice; it simply marks the point at which courts deem the delay unreasonable enough to trigger the *Barker* enquiry."). Here, even though the three-and-a-half-year delay is presumptively prejudicial, necessitating a review of the remaining *Barker* factors, Guajardo must show specific prejudice to his defense arising from this presumptively prejudicial delay. *Id.*

In arguing prejudice, Guajardo stated that he was convicted of another crime during the pendency of trial in this case, which could be used to impeach his credibility "especially when [he will] have to testify." Guajardo's counsel stated at the hearing:

> [T]he government waiting for [Guajardo] to get a couple of more convictions on his record, which he now has, is prejudicial to my client. And there is a case. It's a state case called *Dragoo* that says that—it was reversed on other reasons; but it does say that if they got subsequent convictions during this time that can be used against him to impeach their credibility, especially when they have to testify, that that can be prejudicial in itself.

*Dragoo*, however, does not stand for the proposition made by Guajardo. *See Dragoo*, 96 S.W.3d at 315. In *Dragoo*, the Texas Court of Criminal Appeals found that the

7

appeals court erred in making an argument for Dragoo by finding that Dragoo's "ability to defend himself was prejudiced 'because the final murder conviction became final in the interim and was now available for impeachment purposes.'" *Id*. The court made no finding of prejudice on these grounds as they were not raised by the defendant. *Id*.

With regard to Guajardo's bare assertion that the subsequent conviction would be used against him "to impeach [his] credibility," we note that the State filed a notice of extraneous offenses in preparation for trial, in which the State intends to use evidence of twelve prior offenses as listed in the notice. Prejudice, if any, to Guajardo due to "a couple more convictions on his record" that could be used for impeachment is greatly lessened due to the previous convicitons noticed by the State that could be used for the same purpose. *See Ortega v.* State, 472 S.W.3d 779, 787–88 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (holding that the defendant had not made a prima facie showing of prejudice where she offered no evidence on this issue); *see also Goodrum v. State*, No. 08-04-00267-CR, 2005 WL 2592545, at *4–5 (Tex. App.—El Paso Oct. 13, 2005, pet. ref'd) (finding appellant did not demonstrate prejudice where he was convicted of another crime during pendency of trial because he had "twelve to thirteen prior felony convictions" that could have also been used to impeach him).

Guajardo further argued that there would be difficulty in locating potential witnesses after such a long delay. Limiting the impairment of a defense is the most serious interest protected by the right to a speedy trial. *Barker*, 407 U.S. at 531. If witnesses become unavailable during a delay or are unable to recall events, prejudice is obvious. *Id*. at 532. Though "actual prejudice" need not be proven, a defendant has a burden to

8

show some prejudice due to the delay of his trial. *Harris v. State*, 489 S.W.2d 303, 308 (Tex. Crim. App. 1973); *Courtney v. State,* 472 S.W.2d 151, 154 (Tex. Crim. App. 1971). Where a defendant claims that witnesses became unavailable because of the delay, he must make a showing that "the witnesses are unavailable, that their testimony might be material and relevant to his case, and that he has exercised due diligence in his attempt to find them and produce them for trial." *Harris*, 489 S.W.2d at 308; *see Phipps v. State*, 630 S.W.2d 942, 947 (Tex. Crim. App. 1982) ("Even if it be conceded that the testimony of the missing witnesses was material to the instant case, the appellant has not shown diligence in procuring the witnesses as the record fails to indicate that the witnesses were subpoenaed.").

Here, Guajardo has failed to show any attempts at procuring any witnesses and he has not given any indication of what information the witnesses would have provided for the case. Furthermore, Guajardo has not shown that he has exercised due diligence in attempting to find any witnesses and produce them for trial. *See Phipps*, 630 S.W.2d at 947.

This factor weighs against finding a violation of the speedy trial right. *See Barker*, 407 U.S. at 533–34 (where defendant was not seriously prejudiced by five-year delay between arrest and trial and defendant did not want speedy trial, defendant's Sixth Amendment right to speedy trial not violated).

### 5. Balancing Conclusion

A balancing of the *Barker* factors indicates that the trial court erred in granting Guajardo's motion for a speedy trial. We balance the *Barker* factors with "common sense

and sensitivity to ensure that charges are dismissed only when the evidence shows that a defendant's actual and asserted interest in a speedy trial has been infringed." *Cantu*, 253 S.W.3d at 281. Considering the factors together, the length of the delay tips the balance in favor of Guajardo while his lack of his assertion of the right and prejudice to Guajardo's defense favors the State. Having found the second factor to be neutral, we conclude that Guajardo failed to establish his constitutional right to a speedy trial was violated. *See Barker*, 407 U.S. at 533–34.

## III. CONCLUSION

We reverse the judgment of the trial court and remand for proceedings consistent with this memorandum opinion.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
29th day of July, 2021.

10